JOHN L BURRIS, ESQ., SBN 69888
BENJAMIN NISENBAUM, Esq., SBN 222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Center
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
John.Burris@johnburrislaw.com
bnisenbaum@gmail.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENT UTTERBACK, individually, and as a successor-in-interest to Decedent KENNETH UTTERBACK; ERIC UTTERBACK, individually, and as a successor-in-interest to Decedent KENNETH UTTERBACK<br><br>            Plaintiff,<br><br>vs.<br><br>COUNTY OF SOLANO, a municipal corporation; SHERIFF THOMAS FERRARA, individually, and in his official capacity as Sheriff; WELLPATH MANAGMENT, INC.; and DOES 1 through 50, Inclusive.<br><br>            Defendant | Case No.:<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C. §1983 and pendent tort claims)<br><br>JURY TRIAL DEMANDED |

**INTRODUCTION**

1.  These claims arise out of the wrongful death of KENNETH UTTERBACK. On April 15, 2019, KENNITH UTTERBACK died in custody at COUNTY OF SOLANO jail as a result of the Defendants negligently and with deliberate indifference, removing Mr. Utterback's lifesaving medical alert necklace, which contained a warning and notice that he suffered seizures, was allergic to Dilantin, and could only take Phenobarbital for seizure medication. As a result of the removal of the necklace, while in custody,

COMPLAINT FOR DAMAGES  AND DEMAND FOR JURY TIRAL - 1

Mr. Utterback, who had been a naval officer, suffered seizures was repeatedly injected with the very medication to which he was deathly allergic, killing him.

2. This civil rights and wrongful death action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and California state law in connection with the death of the Decedent, KENNETH UTTERBACK. Plaintiffs have complied with all administrative government claims requirements, including the timely filing of an administrative claim with the County of Solano.

## JURISDICTION AND VENUE

3. This action arises under Title 42 of the United States Code, §1983 and 12132. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in Solano County, in Fairfield, California, which is within the judicial district of this Court.

4. The Supplemental Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1367 over the State law claims which are so related to federal claims in the action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

5. Venue is proper and this Court under 28 U.S.C. § 1391(b) because defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

6. Decedent KENNETH UTTERBACK, died while under the negligent supervision and as a result of the deliberate indifference of Defendant County of Solano and its employees, and Defendant WELLPATH and its employees. Decedent had three (3) children at the time of his death. This action seeks to recover damages for the violation of rights personal to Decedent. This action is maintained on behalf of Decedent, and by his successors in interest, his son TRENT UTTERBACK, and son ERIC UTTERBACK . Said plaintiffs are persons with standing to bring the action pursuant to California Code of Civil Procedure Sections 377.30 and 377.60 and California Probate Code Section 6402.

COMPLAINT FOR DAMAGES  AND DEMAND FOR JURY TIRAL - 2

7. Plaintiff TRENT UTTERBACK, is now and at all times mentioned herein a United States Citizen, Plaintiff is the son of and successor-in-interest to Decedent KENNETH UTTERBACK.

8. Plaintiff ERIC UTTERBACK, is now and at all times mentioned herein a United States Citizen. Plaintiff is the son of and successor-in-interest to Decedent KENNETH UTTERBACK.

9. Defendant COUNTY OF SOLANO (Hereinafter "County"), is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant County has possessed the power and authority to adopt policies and prescribed rules, regulations and practices affecting the operations of individuals employed as their agents. At all relevant times, Defendant County was the employer of DOES 1-50.

10. Defendant WELLPATH MANAGMENT, INC. (Hereinafter "Wellpath"), formally known as Correctional Medical Group Companies Inc. or "CMGC" (prior to October 1, 2018)

11. Defendant SHERIFF THOMAS FERRARA (Hereinafter "Defendant Ferrara"), was and is the Sheriff and administrator of the Solano County Jail and custodian of the pre-trial detainees within it. He is being sued in his official capacity as the Sheriff of Solano County.

12. Plaintiffs are ignorant of the true names and capacities of those Defendants named herein as DOES 1 through 50 inclusive. Plaintiffs will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to Plaintiffs. Plaintiffs are informed and believe, and thereon allege that DOES 1 through 50, inclusive, are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of the said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, or willful misconduct, including the negligent careless, deliberately indifferent, intentional, willful misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiffs will seek to amend this Complaint to set forth said true names and identities of DOES 1 through 50, inclusive, when they have been ascertained.

COMPLAINT FOR DAMAGES  AND DEMAND FOR JURY TIRAL - 3

## GENERAL ALLEGATIONS

13. On February 2, 2019 at around 5:50 p.m., 83-year-old Decedent KENNETH UTTERBACK was arrested by Vacaville police and taken to Solano County Jail. During his intake process, Mr. Utterback's medical alert necklace was removed and placed with his personal property. Inscribed on the necklace were the words "EPILEPTIC SEVERELY ALLERGIC TO DILANTIN CAN ONLY TAKE PHENOBARBITAL." Mr. Utterback was diagnosed with a Dilantin allergy in 1969 while he served as a Sergeant First Class in the United States Navy.

14. On March 23, 2019 at around 5:00 p.m., a Solano County Sheriff's Correctional Officer observed and had concerns regarding Mr. Utterback's well-being, as he was not eating and was displaying unusual behavior. Defendant WELLPATH personnel observed Mr. Utterback, and directed Correctional Officers to transport him to NorthBay Medical Center Emergency Room. Meanwhile, Mr. Utterback's personal property, including his medical alert necklace, which had been removed from him during the intake process at Solano County Jail, remained at the Solano County Jail. Defendants were on notice that Mr. Utterback suffered from a life-threating allergy to Dilantin and that he suffered seizures caused by epilepsy that could only be properly treated by phenobarbital due to the Dilantin allergy.

15. As Mr. Utterback's symptoms worsened, and his condition rapidly deteriorated, he was admitted to NorthBay Medical Center on March 24, 2019. Upon admission, Mr. Utterback suffered from an altered level of consciousness and very large number of circulating eosinophils. Due to his altered level of consciousness, Mr. Utterback was unable to communicate to medical personnel his symptoms or other critical information, specifically his severe allergy to Dilantin. Because of Defendants' deliberate indifference in removing Mr. Utterback's medical alert necklace, and their failure to document and/or communicate the Dilantin allergy, NorthBay Medical Center was unaware of the Dilantin allergy.

16. To address Mr. Utterback's symptoms, medical personnel administered 300mg of Dilantin. On March 30, 2019 Mr. Utterback was transferred to the Intensive Care Unit, as his condition continued to decline. Medical personnel continued to administer Dilantin to Mr. Utterback until he was discharged to

Mercy Hospital March 31, 2019. Plaintiffs contend that the repeated administration of Dilantin caused Mr. Utterback's injuries and continued medical decline.

17. On March 31, 2019, Mr. Utterback was transferred to Mercy Hospital in Sacramento, California where he received care until April 10, 2019. While at Mercy Hospital Mr. Utterback developed fluid-filled lesions all over his body, which ruptured, with painful sloughing of skin at rupture sites. Again, Plaintiffs contend these were caused by the administration of Dilantin.

18. On April 10, 2019 Mr. Utterback was transferred to the University of California Davis Burn Center where he remained until death due to septic shock on April 15, 2019, caused by the administration of Dilantin.

19. At all material times, and alternatively, the actions and omissions of each Defendant were conscience-shocking, reckless, deliberately indifferent to Decedent's and Plaintiffs' rights, negligent, and objectively unreasonable.

## DAMAGES

20. As a consequence of Defendants' violation of Plaintiffs' federal civil rights under 42 U.S.C. § 1983, Fourteenth Amendment, Plaintiffs were mentally, and emotionally injured, and damaged as a proximate result of Decedent's wrongful death, including but not limited to: Plaintiffs' loss of familial relations, Decedent's society, comfort, protection, companionship, love, affection, solace, and moral support. Decedent suffered emotional distress, pain and suffering prior to his death, and suffered the loss of his life and the loss of his enjoyment of his life.

21. Plaintiffs seek both survival and wrongful death damages, pursuant to C.C.P Sections 377.60 and 377.61 and Probate Code Section 6402(b), for the violation of both Decedent and his rights.

22. Plaintiffs are further entitled to recover damages incurred by Decedent before he died as a result of being deprived without due process of his right to life, and to any penalties or punitive damages to which Decedent would have been entitled to recover had he lived, including damages incurred by Decedent consisting of pain and suffering he endured as a result of the violation of his civil rights, and the loss of life and enjoyment of life.

23. Plaintiffs found it necessary to engage the services of private counsel to vindicate the rights of Decedent and Plaintiffs' rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing party in this action under 42 U.S.C. § 1983, and 1988.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. § 1983)**
**(Violation of Plaintiffs' Right to a Familial Relationship)**
**(Plaintiffs TRENT UTTERBACK, and ERIC UTTERBACK, against Defendants COUNTY, FERRARA, WELLPATH, and DOES 1 – 50)**

24. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 23 of this Complaint.

25. As a legal cause of said defendants, acting under color of law, acts and/or inactions, Plaintiffs were deprived of their constitutional rights to familial relationship, and whose deliberate indifference caused injuries which resulted in Decedent's death, all in violation of rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution.

26. Said Defendants' conduct deprived Plaintiffs of their right to a familial relationship with Decedent. Said Defendants' disregard of the information on Decedent's medical alert necklace, the removal of the necklace, and the failure to document and/or communicate the warnings contained on the necklace caused his injuries, which resulted in Decedent's death.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. § 1983)**
**(Deliberate Indifference to Decedent's Serious Medical Needs)**
**(Plaintiffs TRENT UTTERBACK, and ERIC UTTERBACK, against Defendants COUNTY, FERRARA, WELLPATH, and DOES 1 – 50)**

27. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 26 of this Complaint.

28. As a legal cause of Defendants COUNTY, FERRARA, WELLPATH, and DOES 1 - 50 acting under color of law, acts and/or inactions, Decedent KENNETH UTTERBACK was deprived of his

constitutional rights under the Fourteenth Amendment by said defendants' deliberate indifference to his serious medical needs, including the removal of his medical alert necklace, the failure to document and/or communicate the warning and prescriptive actions stated on the medical alert necklace, as further set forth herein, and whose deliberate indifference caused injuries which resulted in Decedent's death, all in violation of rights, privileges, and immunities secured by the Fourteenth Amendments to the United States Constitution.

29. Said Defendants' conduct deprived Decedent of his right to have his serious medical needs treated while in custody of Defendant COUNTY OF SOLANO, causing his death.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### (42 U.S.C. § 1983)
### (Supervisory Liability)
(**Plaintiffs TRENT UTTERBACK, and ERIC UTTERBACK, against Defendants COUNTY, FERRARA, WELLPATH, and DOES 1 – 50**)

30. Plaintiffs hereby re-allege and incorporate each and every paragraph in this Complaint as is fully set forth here.

31. Said defendants acted with deliberate indifference to their responsibility and duty to Decedent, and their actions and/or inactions in failing to supervise their subordinates to take adequate measures to protect inmates such as Decedent, upon intake; maintained inadequate or insufficient intake procedures that ensure critical medical information regarding inmate health history was communicated to all necessary jail and medical personnel.

32. By reason of the aforementioned acts and omissions of Defendants, individually and as agents of County; were affirmatively linked to and were a significantly influential force behind the injuries of Decedent and Plaintiffs.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
(Wrongful Death – Negligence)
(C.C.P. § 377.60 and 377.61)
(Plaintiffs TRENT UTTERBACK, and ERIC UTTERBACK, against Defendants, COUNTY, FERRARA, WELLPATH, and DOES 1 – 50)

33. Plaintiffs hereby re-allege and incorporate each and every paragraph in this Complaint as is fully set forth here.

34. Defendants County of Solano, by and through their agents and employees, FERRARA, WELLPATH, and DOES 1 – 50, inclusive, proximately caused the death of decedent KENNETH UTTERBACK as a result of their negligent conduct and/or negligent failure to act as set-forth herein, for example, Defendants were aware that Decedent had an existing medical condition and/or drug allergy evidenced by the presence of his medical alert necklace; Defendants failed to allow Decedent to remain with his necklace or record the information "EPILEPTIC SEVERELY ALLERGIC TO DILANTIN CAN ONLY TAKE PHENOBARBITAL" in his inmate file, and/or failed to communicate said information; Defendants failed to check with intake personnel to verify Decedents medical history when he was incapable of communicating such information.

35. As an actual and proximate result of said Defendants' negligence, and death of Decedent, Plaintiffs TRENT UTTERBACK, and ERIC UTTERBACK have sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of their father, Decedent, in an amount according to proof at trial.

36. As a further actual and proximate result of said Defendants' negligence, and death of Decedent, Plaintiffs incurred funeral and burial expenses, in an amount according to proof at trial.

37. Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiffs have brought this action, and claim damages from said Defendants for the wrongful death of Decedent, and the resulting injuries.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
(Medical Malpractice)
(**Plaintiffs TRENT UTTERBACK, and ERIC UTTERBACK, against Defendants, WELLPATH, and DOES 1 – 25**)

38. Plaintiffs hereby re-allege and incorporate each and every paragraph in this Complaint as is fully set forth here.

39. Decedent was under the care and treatment of Defendants WELLPATH and DOES 1 – 25, who were required to examine, treat, monitor, prescribe for and care for him. Defendants DOES 1 – 25, acting within the scope and course of their employment with Defendants COUNTY, and WELLPATH negligently, carelessly and unskillfully cared for, attended, handled, controlled; failed to follow-up; failed to classify, failed to appropriately diagnose; and negligently, carelessly and unskillfully failed to possess and exercise that degree of skill and knowledge ordinarily possessed and exercised by others in the same profession and in the same locality as Defendants for the benefit of their patient KENNETH UTTERBACK.

40. As a direct and legal result of the aforementioned negligence and carelessness of Defendants actions and omissions, Plaintiffs sustained injuries and damages, and against these Defendants, and each of them, are entitled to compensatory damages as described herein and as applicable to this claim for Medical Negligence, to be proven at time of trial.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

1. Plaintiffs hereby demand a jury trial in this action.

## PRAYER

Wherefore, Plaintiffs pray for relief, as follows:

1. For general damages in a sum to be determined according to proof;
2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For funeral and burial expenses according to proof;

4. For punitive damages and exemplary damages in amounts to be determined according to proof as to Defendants WELLPATH, FERRARA, and Does 1 – 50 and/or each of them;

5. For reasonable attorney's fees pursuant to 42 U.S.C. § 1988;

6. For cost of suit herein incurred.

Dated: March 24, 2020                                   **LAW OFFICES OF JOHN L. BURRIS**

                                                                        /s/ John L. Burris
                                                                        John L. Burris, Esq.
                                                                        Attorney for Plaintiffs

                                                                        /s/ *Ben*jamin Nisenbaum
                                                                        Benjamin Nisenbaum, Esq.
                                                                        Attorney for Plaintiffs